STILLMAN ARMSTRONG *vs.* BANGOR MILL SUPPLY CORPORATION.

Washington.     Opinion April 1, 1929.

*Herbert J. Dudley,* for plaintiff.
*William S. Cole,* for defendant.

SITTING: WILSON, C. J., DUNN, STURGIS, BARNES, PATTANGALL, FARRINGTON, JJ.

STURGIS, J.  General motion for a new trial in an action for damages resulting from the defendant's failure to repair a crankshaft from the plaintiff's lath mill in a workmanlike manner.

There is evidence to support the plaintiff's claim that in February, 1927, he sent a broken crankshaft from his lath mill at Vanceboro to the defendant's machine shop in Bangor for repairs, and that in making the repairs the defendant's workmen left the shaft out of alignment, necessitating its return from Vanceboro for realignment. The plaintiff's mill was shut down six days with resultant loss of earnings and expenses of maintenance. For these losses and expenses incidental to the crankshaft repairs he has a verdict.

It is an elementary principle that in the defendant's contract to repair the crankshaft the law implies an undertaking on its part to perform the work in a reasonably skilful and workmanlike manner. *Hattin* v. *Chase,* 88 Me., 237, 239 ; *Leighton* v. *Sargent,* 27 N. H., 460, 59 Am. Dec., 390 ; Williston on Contracts, Sec. 1014.

Upon the facts here in evidence the jury were justified in finding that this undertaking was not fulfilled.

The damages awarded were not excessive. Wages, fuel, board of men and horses, and other fixed operating charges, continued through the shut-down period. The mill, with an established business yielding regular profits, was "impeded in its efficient operation" by the defendant's failure to fulfill the obligations impliedly imposed by its contract. The jury could properly include this element of loss in their award. *Fibre Co.* v. *Electric Co.*, 95 Me., 318, 327 ; *Brown* v. *Linn Woolen Co.*, 114 Me., 266, 268. The damages awarded do not exceed the losses sustained.

*Motion overruled.*